IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**AURORA JULIAN ROCKEFELLER,**

    **Plaintiff,**

v.                                                                                    Case No. 2:14-cv-07528

**JAMES CARTER, Former U.S. President,**
**CIA AGENTS, and U.S. CONSULS at Manila**
**U.S. Embassy during Carter Administration,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 4, 2014, the plaintiff, Aurora Julian Rockefeller (also known as Aurora D. Julian, Aurora Julian Nader, and Aurora Julian Hughes) (hereainfter "the plaintiff"), filed a document entitled "Re: Charge versus former U.S. President James Carter, CIA agents and U.S. Consuls at Manila U.S. Embassy during Carter Administration. Charge: Murder of personal self, damages and all other appropriate charges." (ECF No. 1 at 1). The above-referenced civil action was opened to address the plaintiff's document. Also pending are the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 8) and the plaintiff's Urgent Motion to Resolve Case (ECF. No. 14).

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), because the plaintiff is seeking to proceed without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  *Denton v. Hernandez*, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for

2

>   the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>   * * *
>   In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

## ANALYSIS

In her Complaint, the plaintiff alleges that, in the late 1970s, she left the United States, where she had been educated and had been working as a Nurse Instructor, and returned to her home country of the Philippines, where she alleges she discovered that she was "the victim of a murder scheme by former US President [Jimmy Carter] and his US CIA agents and consuls." (ECF No. 1 at 2). The Complaint further alleges that, since that time, President Carter and his operatives have engaged in "disturbing government media surveillance, social censorship, mockery and vexations" and have conspired to oppress, harass and defame the plaintiff, causing her denial of immigration visas and various professional opportunities and credentials around the world, "because of the social stigma of a false but socially crippling psychiatric diagnosis dictated by the US embassy consuls in Manila purposely to ruin my Nursing career and human potential."

---

[1] Because service of process has not occurred, a motion to dismiss has not been filed in this case. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915(e)(2)(B)(ii).

(*Id.* at 3-5). The Complaint contends that "this is truly murder of my personal self by former president James Carter, his CIA agents and the US Embassy consuls. They should be convicted and punished." (*Id.* at 5). The Complaint seeks "prompt restoration of my inalienable personal human rights to this my authentic human body, person and self and the payment to myself in the amount [of] THREE BILLION UNITED STATES DOLLARS ($3,000,000,000.00) for psychological, physical, moral injuries, exemplary damages and loss of income." (*Id.* at 5-6).[2]

This Complaint contains outrageous and unwarranted deductions of fact and is patently frivolous. "A complaint such as this one that describes fantastic or delusional scenarios is subject to immediate dismissal." *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (a court need not accept irrational and wholly incredible allegations whether or not there are judicially noticeable facts available to rebut them). Accordingly, because this Complaint has no arguable basis in fact, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint is frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

Moreover, the Complaint fails to identify any plausible civil cause of action against the defendants, and the allegations therein have no apparent nexus to the Southern District of West Virginia. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted by this court, and is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] A search of the court's PACER docketing system reveals that the plaintiff has filed a similar complaint in at least one other federal district court, which has already been dismissed as being frivolous and time-barred. *See Rockefeller v. Former U.S. President Carter, et al.*, 1:11-cv-00176-WSD (N.D. Ga., Feb. 24, 2011), *aff'd, Rockefeller v. President*, No. 11-12661-CC (11th Cir., Aug. 24, 2012).

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 1) for being frivolous and for failure to state a claim upon which relief can be granted.  It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion to Proceed Without Prepayment of Fees and Costs (ECF No. 8), but waive the applicable filing fee, and **DENY AS MOOT** the plaintiff's Urgent Motion to Resolve Case (ECF No. 14).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

January 26, 2016

Dwane L. Tinsley
United States Magistrate Judge